DECISION
Plaintiff has appealed the value of his property for the 2007-08 tax year. Trial was held October 20, 2008. Plaintiff was represented by Melinda B. Wilde, Attorney at Law. Plaintiff testified on his own behalf. Also testifying for Plaintiff was John Cooper (Cooper), a real estate broker involved in the sale of some of the units in Plaintiff's condominium complex. Defendant was represented by Scarlet Weigel, Appraiser; Dennis Wardwell, Appraisal Supervisor; and Richard Sanderman, Chief Appraiser, Multnomah County Assessor's office.
 I. STATEMENT OF FACTS
The subject property is a condominium unit in a complex built in 1965 as an apartment building, and converted to condominiums in 2005.[1]
Some of the units in the building were renovated prior to sale, and others were not. Plaintiff's unit was not renovated. Plaintiff purchased his unit (#2006) on January 26, 2006, for $189,950. It is identified in the assessor's records as Account R577908. The work done to the units that were renovated included remodeled kitchens and bathrooms, new paint, and new floor coverings. According to the uncontroverted testimony, the renovated units sold for between $30,000 and $50,000 more than those units that were not remodeled. *Page 2 
Plaintiff requests a reduction in the real market value (RMV) of his property for the 2007-08 tax year from $240,950 to $222,553.80, based on an estimated value per square foot of $214.20. Defendant requests that the RMV be sustained at $240,950. Plaintiff relies on his 2006 purchase price of $189,950, Cooper's verbal opinion of value that Plaintiff's unit was worth between $210,000 and $220,000 in January 2007, and an estimated value per square foot of $214.20 based on the sale five comparable properties, which equates to an estimated value of $222,553. (Ptf's Ex A.) In support of its request that the RMV on the rolls be sustained, Defendant relies on a value estimate under the sales comparison approach, using the sale of four units in Plaintiff's condominium complex, which it finds indicate an RMV of $250,000.[2]
Defendant's comparable sales are adjusted for differences between those properties in the subject. Plaintiff's sales are not adjusted.
 II. ANALYSIS
The sole issue in this case is the RMV of Plaintiff's condominium unit as of January 1, 2007, which is the assessment date for the 2007-08 tax year. See generally ORS 308.210(1)[3] and ORS 308.007.[4] RMV for property tax purposes is defined by statute as "the amount in cash that could reasonably be expected to be paid by an informed buyer to an informed seller, each acting without compulsion in an arm's-length transaction occurring as of the assessment date for the tax *Page 3 
year." ORS 308.205(1). In laymen's terms, RMV is the most likely selling price on the assessment date between equally motivated parties.
Plaintiff has the burden of proof and must establish his case by a "preponderance of the evidence." ORS 305.427. With regard to the burden of proof or persuasion in civil actions, the Oregon Supreme Court explains that it "is generally accepted to mean the greater weight of evidence." Riley Hill General Contractor v. Tandy Corp., 303 Or 390,394, 737 P2d 595 (1987). This court has previously ruled that "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." Feves v. Dept. of Revenue, 4 OTR 302, 312
(1971).
The parties agree that Plaintiff purchased his unit on January 26, 2006, for $189,950. That purchase was 11 months prior to the January 1, 2007, assessment date for the 2007-08 tax year. Plaintiff's unit had not been renovated, as had others in the complex — some of which are used by Defendant in its sales comparison grid. Cooper, a real estate broker for three and one-half years who focuses on marketing condominium conversions, testified that, in his opinion, Plaintiff's unit was worth between $210,000 and $220,000 in January 2007. Cooper described himself as the licensed agent for the seller of the units in the subject complex. Cooper also purchased one of the unrenovated units in the complex for $157,000, and then spent $40,000 remodeling his home. Plaintiff and Cooper both testified that the renovated units sold for $30,000 to $40,000 more than the units that had not been renovated (including Plaintiff's unit #2006). Additionally, Plaintiff submitted information on five comparable sales with an average price per square foot of $214.20, which equates to an estimated value of $222,553. (Ptf's Ex A.) Plaintiff's comparable sales are not adjusted to account for differences between those properties in the subject (e.g., size, time of purchase, quality and condition, etc.). Moreover, those sales all occurred at least 11 months after the applicable assessment date. *Page 4 
Defendant presented a sales grid (Def's Ex A) showing the sale of four condominium units in Plaintiff's complex. All of the comparable properties sold on the same date as the subject (Jan 26, 2006). However, in actuality, there are only three properties in Defendant's comparable sales grid, the fourth being the resale of Defendant's comparable number 1, fifteen months after the original sale in January 2006. Wardwell described all of the sales as "pre-sales," meaning that the units sold before the plat was recorded. Defendant adjusted its sales for time, but made no other adjustments. Wardwell testified that the comparables in the report are all the same size, quality, and condition. Defendant's report indicates that "the comparable properties are allidentical to the subject." (Def's Ex A1) (emphasis added.) Defendant's time adjustment is a 1.35 percent increase per month, and is based on three paired sales (i.e., the sale and subsequent resale of the same property). (Def's Ex B.)
After careful review of this matter, the court concludes that a preponderance of the evidence supports an RMV for Plaintiff's property, as of January 1, 2007, of $215,000. Plaintiff paid $189,000 eleven months earlier, and Cooper estimated that the value of Plaintiff's unit in January 2007 was between $210,000 and $220,000. Although Cooper acknowledged on cross-examination that he did not have a written analysis supporting his estimate, he was professionally involved in the sale of many of the units in the complex as the licensed agent for the seller, working with the listing agent. He is, therefore, very familiar with the property in general, and with many of the sales in the complex and the factors that affected the value.
Other evidence supports a value of $215,000. Defendant's market trend data is flawed because two of the three properties were remodeled before the resale, which means that a considerable portion of the suggested value increase is attributable, not to market conditions (i.e., time), but improvements to the property. That leaves one sale/resale (unit #2002), which *Page 5 
sold in January 2006 for $151,700 and resold in May 20007 for $180,000. Defendant calculates the monthly increase to be 1.1 percent. Applying that figure to Plaintiff's purchase price suggests a value of roughly $211,000, just $4,000 less than the court's value. As for Defendant's comparable sales, the unrefuted testimony was that at least two of the three units (#2008 and #2014) were not identical to the subject, which likely explains why they all sold for $25,000 or more than Plaintiff's unit.[5] None of the witnesses had specific information on the third comparable, which may also have been renovated before it sold in January 2006. Moreover, the court has already explained that Defendant's time trend is unsupported by the data and appears to be more than three times greater than the actual market trend for those units.
Because the property was placed on the rolls as new property or new improvements to property (i.e., exception RMV) for the 2007-08 tax year, Defendant must recalculate maximum assessed value (MAV) and assessed value (AV) using an exception RMV figure of $215,000. According to the court's calculation, the newly revised MAV and AV would be $110,923.[6]
 III. CONCLUSION
The court concludes that the RMV of Plaintiff's property, Account R577908, was $215,000 as of January 1, 2007. Now, therefore, *Page 6 
IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is granted, and the RMV of his property is reduced from $240,950 to $215,000.
IT IS FURTHER DECIDED that Defendant shall recalculate MAV and AV based on a reduced RMV of $215,000, as explained above.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on November 7,2008. The court filed and entered this document on November 7,2008.
[1] Although the work was completed in 2005, the plat was not recorded until January 2006, after the January 1, 2006, assessment date for the 2006-07 tax year.
[2] Although that figure is roughly $9,000 more than the tax year 2007-08 RMV on the rolls, Defendant does not seek an increase in value but requests only that the value be sustained at $240,950.
[3] All references to the Oregon Revised Statutes (ORS) are to 2005.
[4] Plaintiff's Complaint included a request for a reduction in assessed value to no more than $66,486.50. The basis for that request was an assertion that under applicable law (ORS 308.146), Defendant was only allowed to increase Plaintiff's maximum assessed value three percent over the prior tax year. At the September 10, 2008, status conference, Plaintiff's representative withdrew the request for a reduction in assessed value to 103 percent of the prior year's value. However, as indicated later in the body of this Decision, Defendant states that the entire value of Plaintiffs property was added as exception value for the 2007-08 tax year, and that any reduction in RMV would produce a corresponding reduction in MAV and AV, which results in a reduction in property taxes.
[5] The comparable sales sold for $219,150 (comp #1), $215,000 (comp #2), $219,000 (comp #3), and $270,000 (comp #4). Comp #4 is the same unit as comp #1; it is the resale of unit 2008 in April 2007. Thus, as explained in the body of the Decision, there are really only three units in the sales data.
[6] To begin with, Plaintiff's board order supports Defendant's testimony that all of Plaintiff's condominium unit value (RMV) was viewed as exception RMV for the 2007-08 tax year (both RMV and exception RMV are $240,950). The MAV is $124,310. The ratio between the exception RMV and the MAV is .51592. Applying that ratio to the court's RMV of $215,000 generates an MAV of $110,922.80. By statute, AV is the lesser of RMV and MAV. ORS 308.146(2). In this case, the AV would therefore be $110,923 (rounded). *Page 1